

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

## NO. WR-93,551-01

### EX PARTE MICHAEL GREGORY SCHIBI, Applicant

### ON APPLICATION FOR A WRIT OF HABEAS CORPUS CAUSE NO. 10841-D (1) IN THE 350TH DISTRICT COURT FROM TAYLOR COUNTY

*Per curiam*.

### O R D E R

Applicant pleaded guilty to aggravated assault family violence and placed on deferred adjudication community supervision for seven years. Applicant's community supervision was later revoked and he was sentenced to eight years' imprisonment. The Eleventh Court of Appeals dismissed his appeal for want of jurisdiction. *Schibi v. Texas*, No. 11-19-00325-CR (Tex. App. — Eastland, Oct. 28, 2021). Applicant filed this application for a writ of habeas corpus in the county of conviction, and the district clerk forwarded it to this Court. *See* TEX. CODE CRIM. PROC. art. 11.07.

Applicant contends that his plea was involuntary because both the trial court and his trial counsel improperly admonished Applicant that his charge was for a first-degree felony when, in fact,

it was a second-degree felony offense. Based on the record, the trial court has determined that the trial court incorrectly admonished Applicant on the applicable punishment range for a first-degree felony and that trial counsel incorrectly advised Applicant to plead guilty to a first-degree felony when he had only been charged with a second-degree felony. However, there is no response from trial counsel in the record.

Applicant has alleged facts that, if true, might entitle him to relief. *Hill v. Lockhart*, 474 U.S. 52 (1985); *Ex parte Argent*, 393 S.W.3d 781 (Tex. Crim. App. 2013)*; Ex parte Morrow,* 952 S.W.2d 530, 534 (Tex. Crim. App. 1997). Accordingly, the record should be developed. The trial court is the appropriate forum for findings of fact. TEX. CODE CRIM. PROC. art. 11.07, § 3(d). The trial court shall order trial counsel to respond to Applicant's claim. In developing the record, the trial court may use any means set out in Article 11.07, § 3(d). If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If Applicant is indigent and wants to be represented by counsel, the trial court shall appoint counsel to represent [him/her] at the hearing. *See* TEX. CODE CRIM. PROC. art. 26.04. If counsel is appointed or retained, the trial court shall immediately notify this Court of counsel's name.

The trial court shall make additional findings of fact and conclusions of law as to whether trial counsel was ineffective. The trial court may make any other findings and conclusions that it deems appropriate in response to Applicant's claims.

The trial court shall make findings of fact and conclusions of law within ninety days from the date of this order. The district clerk shall then immediately forward to this Court the trial court's findings and conclusions and the record developed on remand, including, among other things, affidavits, motions, objections, proposed findings and conclusions, orders, and transcripts from

hearings and depositions.  *See* TEX. R. APP. P. 73.4(b)(4).  Any extensions of time must be requested by the trial court and obtained from this Court.

Filed: MAY 04, 2022
Do not publish